UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ANDREW J. CHERRONE, JR., | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO. 3:12-CV-327 WL |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Andrew Cherrone, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with a loss of earned credit time in a prison disciplinary hearing. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ."*Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those claims which obviously lack merit.

Cherrone asserts that the Disciplinary Hearing Officer violated his due process rights in the disciplinary proceeding that led to the deprivation of earned credit time. Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present evidence in

defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

In ground one of his petition, Cherrone alleges that he was denied due process when the hearing officer denied him the lay advocate of his choice. Cherrone states that he requested a specific lay advocate but that the hearing officer appointed another, less experienced, lay advocate.

Due process only requires access to a lay advocate in very limited circumstances, specifically, where the inmate is illiterate "or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997). The Petitioner asserts that he needed a lay advocate because he was in lockup and unable to collect evidence. This is a circumstance in which due process may require a lay advocate, and the hearing officer apparently agreed because she appointed Cherrone a lay advocate. That the hearing officer did not appoint the lay advocate of Cherrone's choice, however, does not violate his due process rights. *See Hester v. McBride*, 966 F.Supp. at, 775. (A prisoner may not bring an "ineffective lay advocate" claim in a § 2254 action).

In ground three of his petition, Cherrone states he was denied the "Right to a Fair Hearing/Impartial Hearing Officer" (DE 1 at 4). Cherrone specifically asserts that Indiana

Department of Correction policy guarantees certain procedures that "the hearing officer has a mandated obligation to protect all these rights fairly and equally" (DE 1 at 5), and alleges that the hearing officer in his case did not do so.

One of the procedural due process rights *Wolff v. McDonnell* affords inmates during a disciplinary hearing is the right to be heard before an impartial decision maker. However, due process requires recusal only where the decision-maker has a direct personal or otherwise substantial involvement in the circumstances underlying the charges against the offender. *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983) citing *Rhodes v. Robinson*, 612 F.2d 766, 773 (3rd Cir. 1979). While the Petitioner claims that the disciplinary hearing officer did not give him a fair hearing, he does not assert that the hearing officer, was directly or substantially involved in the circumstances which precipitated the disciplinary charge.

In ground four of his petition, Cherrone asserts that he was denied the right to a twenty-four hour notice of the charge against him. But the documents Cherrone attached to his petition for writ of habeas corpus establish that he did receive twenty-four hours notice of the charges against him.

A copy of the conduct report was given to Cherrone on May 10, 2011, when he was screened (DE 1-1 at 3). When he was screened, he was informed that he was being charged with a "sexual act w/staff" (*Id.*). The screening officer set the date for the hearing eight days later on May 18, 2011, (*Id.*), and while the hearing was apparently moved up to May 16, 2011, (DE 1-1 at 6) this still gave the Petitioner at least five days notice of the charges against him before the hearing was conducted.

3

The Petitioner suggests that he did not have twenty-four hours notice of all of the evidence against him, but *Wolff* does not require this. Under *Wolff*, a prisoner is entitled to twenty-four hours notice of the charges against him, not twenty-four hours notice of the all of the evidence.

In ground six of his petition, the Petitioner asserts a "Denial of Right to Written Copy of Facts Found" (DE 1 at 8). In order to comply with due process, "there must be a 'written statement by the factfinders as to the evidence relied on and the reasons'" for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. at 564, quoting *Morrissey v. Brewer,* 408 U.S. 471, 489 (1972). If a disciplinary hearing board's statement of facts relied on "establish[es] the evidence underlying its decision, then the inmate is protected from mischaracterization of the disciplinary action when it comes under review." *Redding v. Fairman*, 717 F.2d 1105, 1116 (7th Cir. 1983) *cert. denied*, 465 U.S. 1025 (1984).

But the copy of the disciplinary hearing report (DE 1-1 at 6) Cherrone attaches to his petition for writ of habeas corpus establishes that the hearing officer did write a statement of the facts she relied on to find Cherrone guilty. Cherrone argues in his petition that the statement of facts did not comply with Indiana Department of Correction guidelines (DE 1 at 8-9), but violations of prison disciplinary policies, do not state a claim for federal habeas relief. *Hester v. McBride*, 966 F.Supp. 765, 774-75 (N.D.Ind. 1997).

In ground two of his petition for writ of habeas corpus the Petitioner asserts that he was denied the right to call witnesses, and in ground five he asserts that he was denied the right to present evidence. The Court will allow the Petitioner to proceed on those claims.

For the foregoing reasons, the court:

4

(1) GRANTS the Petitioner leave to proceed on his claim in grounds two and five of his petition;

(2) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, DISMISSES grounds one, three, four, and six of his petition; and

(3) DIRECTS the clerk's office to ensure that a copy of this order is served on the Respondent and the Indiana Attorney General along with the order to show cause.

**SO ORDERED**

DATED: July 20, 2012

                                                s/William C. Lee
                                                William C. Lee, Judge
                                                United States District Court